Charles Quinn
Glen M. Diehl
**GRAHAM CURTIN, P. A.**
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Telephone: (973) 292-1700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| **EXCELSIOR MEDICAL CORP.,** | Civil Action No. |
| Plaintiff, | |
| v. | |
| **IVERA MEDICAL CORP.** and | **COMPLAINT** |
| **BECTON, DICKINSON AND COMPANY,** | |
| Defendants. | |

---

Plaintiff Excelsior Medical Corporation ("Excelsior"), by its undersigned attorneys, as and for its complaint against defendants Ivera Medical Corporation ("Ivera") and Becton, Dickinson and Company ("BD"), says:

## PARTIES

1. Plaintiff Excelsior is a Delaware corporation that maintains its principal place of business at 1933 Heck Avenue, Neptune, New Jersey 07753.

2. Excelsior is engaged in the business of, *inter alia*, the development, manufacture, and sale of medical instruments, such as flush syringes, dispensing pumps, and

disinfectant devices. In particular, of relevance here, Excelsior is a leading purveyor of disinfectant caps for catheter ports (or catheter luer access valves) under the brand name SwabCap. Further information about Excelsior and its SwabCap product is available at www.excelsiormedical.com.

      3.    Defendant Ivera is a California corporation that maintains its principal place of business at 3525 Del Mar Heights Road, San Diego, California 92130.

      4.    Defendant Ivera sells a disinfectant cap, known as the Curos Port Protector, in competition with Excelsior's SwabCap disinfectant cap.

      5.    Defendant BD is a New Jersey corporation that maintains its principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

      6.    Defendant BD is the registered assignee and owner of United States Patent No. 8,740,864 (the "'864 patent"). Entitled "Patient Fluid Line Access Valve Antimicrobial Cap/Cleaner," the 864 patent issued on June 3, 2014.

      7.    Defendant Ivera is, according to its press releases, the exclusive licensee of the '864 patent. See Exhibits A and B.

## JURISDICTION

      8.    Excelsior brings this action under the Declaratory Judgments Act, 28 U.S.C. § 2201, to obtain a judicial declaration that the '864 patent is invalid and that Excelsior does not infringe this patent.

      9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

## THE CONTROVERSY

10. Excelsior introduced SwabCap in 2009. Since then, defendant Ivera has asserted a total of four patents in three separate infringement actions against Excelsior by virtue of its sale of SwabCap products. See *Ivera v. Excelsior*, 11-cv-1115 (S.D. Ca.); *Ivera v. Excelsior*, 12-cv-1581 (S.D. Ca.); and *Ivera v. Excelsior*, 13-cv-465 (S.D. Ca.).[1]

11. On February 19, 2014, defendant Ivera issued a press release, entitled "Ivera Medical Announces Allowance of Key Patent by USPTO," to notify its customers and competitors that the Patent Office had allowed the application underlying the '864 patent. Consistently with its earlier infringement suits against Excelsior, this press release evinces Ivera's intent to assert the '864 patent against Excelsior as well:

> "We believe this is a seminal patent for the disinfecting port protector space and we are thrilled to have the exclusive license for it," said Bob Rogers, CEO of Ivera Medical. "Upon issuance, this patent will serve as a cornerstone of our intellectual property portfolio, which already includes a strong suite of patents covering different aspects of this product family. We have invested great resources on our intellectual property and the allowance of this patent will further strengthen our position." (See Exhibit B.)

12. Ivera's CEO reaffirmed Ivera's intent to assert the '864 patent against Excelsior in a press release of May 1, 2014, announcing a summary judgment decision invalidating the patents Ivera had asserted against Excelsior in the first California action:

> "We are disappointed in the Court's decision and are evaluating our options . . ." said Bob Rogers, CEO of Ivera Medical. "Our strategy regarding intellectual property has always been to build a robust portfolio, so that an adverse ruling in one case does not impact the broader strategy. Indeed, Ivera continues to be very

---

[1] Ivera failed to join as plaintiffs the owners of the patent asserted in the third California action. Hence, Excelsior initiated a declaratory judgment action against Ivera and the inventors in the Southern District of Florida, where the inventors reside. Ivera pressed a counterclaim against Excelsior in the Southern District of Florida that is identical to the infringement claim it had asserted against Excelsior in the second California action.

3

pleased with our Florida court patent infringement case [against Excelsior's SwabCap], and the impending issuance of what will be the seminal patent [i.e., the '864 patent] in this space . . . ." (See Exhibit B.)

13. Defendant Ivera's initiation of three actions against Excelsior for infringement of patents that allegedly cover the SwabCap, coupled with Ivera's characterizations of the '864 patent as a "cornerstone" of its "robust portfolio" and the "seminal patent in [the disinfectant cap] space" demonstrates that a substantial dispute exists between the parties over Excelsior's right to sell its SwabCap product free of any infringement claims under the '864 patent.

14. The pronouncement of Ivera's CEO that Ivera's strategy of building a portfolio that includes the seminal '864 patent "so that an adverse ruling in one case does not impact the broader strategy" of suing Excelsior for infringement proves the point.

15. An actual case or controversy therefore exists between between Excelsior and defendants concerning the validity and infringement of the '864 patent.

### FIRST COUNT

15. Excelsior repeats the allegations of paragraphs 1 through 15 as if fully set forth here.

16. The '864 patent is invalid under one or more provisions of the patent law of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### SECOND COUNT

17. Excelsior repeats the allegations of paragraphs 1 through 15 as if fully set forth here.

18. Excelsior has not infringed the '864 patent, and has not contributed to or induced infringement of the '864 patent.

4

WHEREFORE, plaintiff Excelsior Medical Corporation requests judgment in its favor and against defendants Ivera Medical Corporation and Becton, Dickinson and Company, as follows:

    a.    That the '864 patent is invalid;

    b.    That Excelsior has not infringed the '864 patent and has not contributed to or induced infringement of the '864 patent;

    c.    That Excelsior is entitled to an award of attorneys' fees under 35 U.S.C. § 285 and costs of suit; and

    d.    For such other and further relief as the Court may deem just and appropriate.

GRAHAM CURTIN, P.A.
Attorneys for Plaintiff

By: _____
CHARLES QUINN

Dated: June 3, 2014
Morristown, New Jersey